UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AT&T CORP.,

    Petitioner,

v.

VOXON LLC,

    Respondent.

Civil Action No. 8:22mc43 WFJ-AAS

**PETITIONER'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO A NONPARTY SUBPOENA**

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................. 1

LEGAL STANDARD ............................................................................................ 2

ARGUMENT ......................................................................................................... 3

    I.   This Court Has Jurisdiction to Enforce AT&T's Subpoena ......................... 3

    II.  Voxon's Conduct is Directly Relevant to the Underlying Litigation ......... 3

    III. The Documents AT&T Seeks are Relevant to the Underlying Litigation ................. 4

    IV. Voxon Has Refused to Comply with the Subpoena and Has Waived Any Objections .................................................................................................... 5

CONCLUSION ...................................................................................................... 7

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 45, AT&T Corp. ("AT&T"), through undersigned counsel, moves to compel nonparty subpoena recipient Voxon LLC ("Voxon") to produce documents pursuant to AT&T's subpoena issued by the United States District Court for the Eastern District of Pennsylvania in *Core Communications, Inc., et al. v. AT&T Corp.*, No. 2:21-cv-02771-JDW (the "Subpoena"). The Subpoena is dated September 19, 2022 and is attached as Exhibit A.

On June 22, 2021, Core Communications, Inc., CoreTel Delaware, Inc., CoreTel New Jersey, Inc., CoreTel Virginia, LLC, and CoreTel West Virginia, Inc. (collectively, "Core") filed suit in the Eastern District of Pennsylvania to recover payments allegedly owed by AT&T to Core for a type of telecommunications service known as "access service." *See* Complaint (ECF No. 1), *Core Communications, Inc. et al v. AT&T Corp.*, No. 2:21-cv-02771-JDW (E.D. Pa. June 22, 2021) (the "Underlying Litigation"). Access services and the associated access charges are billed by local carriers like Core to long distance carriers like AT&T under a complex system administered by the Federal Communications Commission ("FCC") and state public utilities commissions. In its Complaint, Core seeks to collect access charges for services that Core claims to have billed to AT&T for transporting toll-free telephone calls to AT&T and its customers. Through discovery in the Underlying Litigation, AT&T learned that Voxon delivered a substantial amount of toll-free calls to Core, which then routed the toll-free calls to

1

AT&T. Core charged AT&T for those calls, but AT&T disputes the validity of the charges. AT&T seeks information and documents from Voxon to determine whether the calls it routed to Core, which were then routed to AT&T, are compensable pursuant to FCC rules, regulations, and other law. As explained below, the documents and communications sought by AT&T pursuant to the Subpoena are directly relevant to Core's claims and AT&T's defenses in the Underlying Litigation.

Nevertheless, Voxon has failed to comply with the Subpoena. Indeed, Voxon has failed to respond to the Subpoena or even attempt to contact AT&T to discuss the Subpoena—despite AT&T's repeated attempts to gain compliance. Voxon has, therefore, waived any objections that it may have had to the Subpoena and must now fully comply with its obligations pursuant to the Subpoena and the Federal Rules of Civil Procedure. For these reasons, the Court should grant AT&T's motion and compel Voxon to fully comply with the Subpoena by producing responsive documents.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. *See* Fed. R. Civ. P. 45. Under Rule 45, parties may command a nonparty to produce documents and electronically stored information. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 requires that the place of compliance for a third-party subpoena be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). When a

nonparty fails to comply with a subpoena, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

### ARGUMENT

**I.  This Court Has Jurisdiction to Enforce AT&T's Subpoena**

Because Voxon's principal place of business is in this District, and its registered agent accepted service in this District (*see* Ex. B, reflecting proof of service), the Court has jurisdiction to adjudicate this motion and enforce the Subpoena.

**II.  Voxon's Conduct is Directly Relevant to the Underlying Litigation**

Although Voxon is a nonparty to the Underlying Litigation, its conduct is directly relevant. Core routes toll-free ("8YY") telephone traffic to AT&T and other interexchange carriers ("IXCs") under tariffs filed with the FCC and state public utilities commissions. Core aggregates 100% of the 8YY calls that it transports by purchasing wholesale 8YY traffic from other upstream providers. Based on discovery in the Underlying Litigation, AT&T has learned that Voxon is one of the upstream providers that Core purchases 8YY traffic from. Core then charges IXCs, like AT&T, certain access charges for routing that 8YY traffic to them. Accordingly, Voxon's 8YY traffic serves as the basis for a significant portion of the charges that Core seeks to recover in the Underlying Litigation.

However, Core cannot bill AT&T and other IXCs for fraudulent 8YY traffic such as illegitimate "robo-calls" that Core failed to police and prevent from coming

3

onto the public network. Pursuant to discovery in the Underlying Litigation, AT&T has learned that Core decided to stop accepting 8YY traffic from Voxon because of concerns regarding the legitimacy of Voxon's traffic. Additionally, Core may not charge for an access service called "end office switching" unless Core or its upstream customer (*i.e.*, Voxon) provides a physical connection to the last-mile facilities used to serve the person placing the call.

AT&T and Core dispute whether Core has properly billed AT&T for the 8YY access service charges that it seeks to recover in the Underlying Litigation. Specifically, AT&T's defense for nonpayment is that Core improperly billed access charges to which Core was not entitled to seek payment. Voxon is directly involved, given its relationship with Core. Indeed, much of the 8YY traffic that Core seeks payment on from AT&T originated from Voxon.

Discovery is ongoing in the Underlying Litigation. The deadline to complete all fact and expert discovery in the Underlying Litigation is May 19, 2023.

### III. The Documents AT&T Seeks are Relevant to the Underlying Litigation

The Subpoena seeks various documents relevant to the Underlying Litigation. It generally seeks documents and communications concerning: the 8YY traffic Voxon routed to Core; the invoices and payments related to that traffic; the process for routing 8YY traffic to Core, including information about last-mile facilities (which is relevant to whether Core can charge AT&T for a certain type of access charge on certain types of 8YY telephone calls); Voxon's assessment of the propriety of the 8YY traffic it routes to Core, and the results of those assessments;

4

Voxon's efforts, if any, to ensure the 8YY traffic it routed did not include robo-calls (*e.g.*, spoofed or auto-dialed calls); and communications with federal agencies related to illegitimate traffic. *See* Ex. A at 7–9. Because Core routed traffic it received from Voxon to AT&T, the documents sought pursuant to the Subpoena, which will show the nature of Voxon's traffic (*i.e.*, whether it was legitimate and compensable), are directly relevant to Core's claim in the Underlying Litigation: that AT&T must pay for Core's charges for the 8YY traffic routed to AT&T (and originated from Voxon), and are directly relevant to AT&T's defenses: that Core's 8YY traffic was illegitimate and not compensable.

### IV. Voxon Has Refused to Comply with the Subpoena and Has Waived Any Objections

Despite a diligent effort to ensure that Voxon was properly served, Voxon has failed to comply with its obligations pursuant to the Subpoena. Indeed, Voxon ignored repeated efforts by AT&T to contact Voxon to discuss the Subponea.

More specifically, on September 20, 2022 AT&T successfully served the Subpoena on Voxon's registered agent, Oldenn Sylvert. *See* Ex. B. The Subpoena required compliance by October 12, 2022 at 5:00 P.M. *See* Ex. A.

After Voxon failed to serve written responses and objections pursuant to Rule 45(d)(2)(B), on October 17, 2022, AT&T sent correspondence by Federal Express to Voxon's registered agent and requested that Voxon inform AT&T's counsel by October 26, 2022 as to whether Voxon intended to comply with its obligations in pursuant to the Subpoena. *See* Ex. C. Although Voxon's registered agent signed for and accepted delivery of the correspondence on October 18, 2022,

5

*see* Ex. D, Voxon simply shipped the package back to AT&T's counsel with no comment. Perhaps unsurprisingly, Voxon made no effort to comply with the Subpoena, despite having received AT&T's October 17, 2022 correspondence. Nevertheless, AT&T attempted to correspond with Voxon for a second time by sending the same correspondence back to Voxon. On October 21, 2022, Voxon's registered agent declined to accept it. The correspondence was returned to AT&T's counsel. As of the date of this filing, Voxon has not contacted AT&T regarding the Subpoena.

To the extent Voxon has any objections to the Subpoena, it has clearly waived them. Under Federal Rule of Civil Procedure 45, objections to a subpoena must be in writing and served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). Here, the specified time of compliance was October 12, 2022, and the subpoena was served September 20, 2022. *See* Ex. B. Both dates have passed, and Voxon has failed to serve any written objections. "[A]s a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Golden Krust Franchising, Inc. v. Clayborne*, 2020 WL 7260774, No. 8:20-mc-104-T-33SPF, at *1 (M.D. Fla. Dec. 10, 2020) (quoting *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010)); *see also HMV Indy, LLC v. Inovateus Solar, LLC*, 2020 WL 3498259, No. 2:20-mc-52-JDW, at *1 (E.D. Pa. June 29, 2020) ("When a party does not comply with [the Fed. R. Civ. P. 45(d)(2)(B)] requirement, it waives its objections.").

Because Voxon has failed to comply with or object to the Subpoena issued by the Eastern District of Pennsylvania, this Court should grant AT&T's Motion to Compel.

## CONCLUSION

For the foregoing reasons, AT&T respectfully requests the Court enter an Order (1) granting AT&T's Motion to Compel, (2) finding that Voxon has waived all objections to the Subpoena, and (3) requiring that Voxon produce all documents responsive to the Subpoena.

## LOCAL RULE 3.01(G) CERTIFICATION

I hereby certify that AT&T's counsel attempted to confer, in good faith, with Voxon regarding the content of this motion. As detailed in the above Motion to Compel, our multiple attempts to contact Voxon by letter were unsuccessful. Pursuant to Local Rule 3.01(g), I will try diligently for three days to contact Voxon. Promptly after contact with Voxon or expiration of the three days, I will supplement the motion with a statement certifying whether the parties have resolved all or part of the motion.

Dated: November 21, 2022

Respectfully submitted,

_/s/ Lawrence D. Silverman_
Lawrence D. Silverman (State Bar No. 7160)
lawrence.silverman@sidley.com
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, Suite 900

Miami, FL 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101

Angela C. Zambrano (*pro hac vice*
application forthcoming)
angela.zambrano@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave., Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Justin A. Benson (*pro hac vice*
application forthcoming)
jbenson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
Telephone: (202) 736-8757
Facsimile: (202) 736-8711

*Attorneys for AT&T Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, I filed the above Motion to Compel with the Clerk of the Court by hand delivery. I further certify that I mailed the foregoing document by Federal Express to the following non-CM/ECF participants: Voxon LLC, c/o Oldenn Sylvert, 1755 Lake Side Ave., Davenport, FL 33837.

                                                                                   _/s/ Lawrence D. Silverman_
                                                                                   Lawrence D. Silverman