UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| AT&T CORP., <br><br> Petitioner, <br><br> v. <br><br> VOXON LLC, <br><br> Respondent. | Civil Action No. |

**PETITIONER'S MOTION TO TRANSFER PURSUANT TO RULE 45(f)**


# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

LEGAL STANDARD ...................................................................................................... 1

ARGUMENT ................................................................................................................... 2

    I.    The Court Should Transfer the Motion to Compel Because Exceptional Circumstances Are Present ................................................................................ 2

CONCLUSION ................................................................................................................ 4

## INTRODUCTION

AT&T Corp. ("AT&T"), through undersigned counsel, respectfully submits this Motion to Transfer Pursuant to Federal Rule of Civil Procedure 45(f).

Under Federal Rule of Civil Procedure 45, AT&T submitted a motion to compel nonparty subpoena recipient Voxon LLC ("Voxon") to produce documents pursuant to AT&T's subpoena issued by the United States District Court of the Eastern District of Pennsylvania (the "Subpoena") in *Core Communications, Inc. et al. v. AT&T Corp.*, No. 2:21-cv-02771-JDW (the "Underlying Litigation"). As further detailed below, the risk of inconsistent discovery rulings, the complexity of the Underlying Litigation, and the interests of judicial economy and efficiency favor transfer of AT&T's motion to compel to the United States District Court for the Eastern District of Pennsylvania.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(2)(B)(i) provides that where a nonparty subpoena recipient has failed to comply with or object to a subpoena—as Voxon has done here, *See* Mot. to Compel, 5–7—"the serving party may move the court for the district where compliance is required for an order compelling production or inspection." "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). While the Federal Rules do not define "exceptional circumstances," the Advisory Committee Note explains that "transfer

1

may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45, Advisory Committee Note to 2013 Amendment.

When considering whether "exceptional circumstances" support transfer to the issuing court under Rule 45(f), "a court should look to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to [their] familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Honeywell Int'l, Inc. v. NARCO Asbestos Pers. Injury Settlement Tr.*, No. 8:21-mc-157-CEH-AAS, 2021 WL 6118078, at *1 (M.D. Fla. Dec. 27, 2021) (quoting *The Dispatch Printing Co. v. Zuckerman*, No. 16-CV-800-37-BLOOMVALLE, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016)). "These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by the issuing court in the underlying litigation." *Id.* (quoting *The Dispatch Printing Co.*, 2016 WL 335753, at *2).

## ARGUMENT

### I. The Court Should Transfer the Motion to Compel Because Exceptional Circumstances Are Present

Here, the facts support a finding of exceptional circumstances warranting transfer. Like Voxon, other nonparties to the Underlying Litigation have failed to comply with subpoenas issued pursuant to Rule 45, and AT&T expects that it may

2

have to file additional motions to compel (and motions to transfer) in various jurisdictions around the country. This possibility presents exactly the situation the Advisory Committee noted as a basis for exceptional circumstances supporting transfer: "the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45, Advisory Committee Note to 2013 Amendment. Without transfer, there is a risk of conflicting rulings on the relevance of the subpoenaed documents. *See Honeywell Int'l, Inc.*, 2021 WL 6118078, at *2.

Moreover, the complexity of the Underlying Litigation makes transfer appropriate. As detailed in AT&T's Motion to Compel, the disputed access services and associated access charges are billed under a complex system administered by the Federal Communications Commission and state public utilities commissions. *See* Mot. to Compel, 1. AT&T's defense alleges repeated and long-occurring fraudulent conduct by multiple parties. *See* Mot. to Compel, 3–4. "Uniformity of discovery rulings in a case of this complexity is critical to achieving fairness to the parties and non-parties." *Edwards v. Maxwell*, No. 15-CV-07433-RWS-SDNY, 2016 WL 7413505, at *3 (S.D. Fla. Dec. 22, 2016). In a status conference with the issuing court on September 16, 2022, the issuing court indicated that it is ready and willing to adjudicate third-party discovery disputes. Granting this motion to transfer would avoid "disrupting the issuing court's management of the underlying litigation, both procedurally and substantively." *See Edwards*, 2016 WL 7413505, at *3.

Finally, there is nothing to demonstrate that Voxon has any interest in a local resolution of the matter, or that any such interest outweighs the issuing court's familiarity with the issues, parties, prior orders, and interest in managing its case. Indeed, had Voxon replied to AT&T's attempts to discuss the Subpoena, Voxon could have communicated its concerns regarding any potential burden. Moreover, compliance with the Subpoena will likely involve electronic production, and courts have held that "the burden on the subpoenaed party is minimal where electronic production is allowed." *Honeywell Int'l, Inc.*, 2021 WL 6118078, at *2 (citing *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D. D.C. 2014)).[1] The risk of inconsistent discovery rulings, the complexity of the Underlying Litigation, and the interests of judicial economy and efficiency outweigh any interests Voxon may have in litigating AT&T's motion to compel locally. Therefore, transfer is appropriate.

## CONCLUSION

For the foregoing reasons, AT&T respectfully requests the Court enter an Order granting AT&T's Motion to Transfer.

## LOCAL RULE 3.01(G) CERTIFICATION

I hereby certify that AT&T's counsel attempted to confer, in good faith, with Voxon regarding the content of this motion. As detailed in the Motion to Compel,

---

[1] The Federal Rules have other provisions that also ease Voxon's potential burden. Under Rule 45(f), "if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court." Also lightening Voxon's potential burden, the Advisory Committee notes encourage the court to permit telephonic participation after transfer to minimize travel costs to non-parties. *See* Fed. R. Civ. P. 45, Advisory Committee Note to 2013 Amendment.

our multiple attempts to contact Voxon by letter were unsuccessful. Pursuant to Local Rule 3.01(g), I will try diligently for three days to contact Voxon. Promptly after contact with Voxon or expiration of the three days, I will supplement the motion with a statement certifying whether the parties have resolved all or part of the motion.

Dated: November 21, 2022

Respectfully submitted,

  /s/ Lawrence D. Silverman  
Lawrence D. Silverman (State Bar No. 7160)
lawrence.silverman@sidley.com
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (305) 391-5100
Facsimile: (305) 391-5101

Angela C. Zambrano (*pro hac vice* application forthcoming)
angela.zambrano@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave., Suite 2000
Dallas, TX 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400

Justin A. Benson (*pro hac vice* application forthcoming)
jbenson@sidley.com
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005

5

Telephone: (202) 736-8757
Facsimile: (202) 736-8711

*Attorneys for AT&T Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2022, I filed the above Motion to Transfer with the Clerk of the Court by hand delivery. I further certify that I mailed the foregoing document by Federal Express to the following non-CM/ECF participants: Voxon LLC, c/o Oldenn Sylvert, 1755 Lake Side Ave., Davenport, FL 33837.

                                                                               _/s/ Lawrence D. Silverman_
                                                                               Lawrence D. Silverman