UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AT&T, CORP.,**

    **Plaintiff,**

v.

                                              Case No.: 8:22-mc-43-WFJ-AAS

**VOXON LLC,**

    **Defendant.**
_____/

**ORDER**

AT&T Corp. (AT&T) requests that the court transfer AT&T's motion to compel documents requested in a nonparty subpoena issued to Voxon, LLC (Voxon). (Doc. 3). The subpoena relates to a case pending in the United States Court for the Eastern District of Pennsylvania, *Core Communications, Inc., et al. v. AT&T, Corp.*, No. 2:21-cv-02771-JDW (the underlying litigation). (*See* Doc. 1). Voxon did not respond to AT&T's motions to transfer or compel.[1]

Federal Rule of Civil Procedure 45 governs out-of-district subpoenas and was amended in 2013. "As amended, a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to be heard by the district court . . . where compliance with the subpoena is

---

[1] "If a party fails to timely respond, the motion is subject to treatment as unopposed." Local Rule 3.01(c), M.D. Fla.

1

required." Fed. R. Civ. P. 45(c), (d)(2)(B)(i), and (d)(3)(A); *Woods v. Southerncare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala., Nov. 4, 2014). Here, compliance is required in the Middle District of Florida. (*See* Doc. 1-1).

When compliance is disputed, however, Rule 45(f) allows the court to transfer a subpoena-related motion to the issuing court for adjudication if "the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Although Rule 45(f) does not explain what qualifies as an exceptional circumstance, the Advisory Committee notes explain, in determining whether exceptional circumstances exist,

> the court's prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note (2013).

A district court "should look to a variety of factors to determine if the judge from the issuing court is in a better position to rule on the motion due to

2

her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *The Dispatch Printing Co. v. Zuckerman*, No. 16-CV-800-37-BLOOMVALLE, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016) (citing *In re UBS Financial Services, Inc. Securities Litigation*, 2015 WL 4148857, at *1 (D.D.C. July 9, 2015)). "These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by the issuing court in the underlying litigation." *Id.* (citing *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)).

Analysis of these factors support transferring AT&T's motion to compel compliance with the subpoena. According to the motion to transfer, other nonparties failed to comply with subpoenas issued by AT&T. Thus, AT&T anticipates moving to compel and transfer in various jurisdictions. Without transfer, there is a risk of conflicting rulings.[2] *See Honeywell Int'l Inc. v. Narco Asbestos Pers. Inj. Settlement Tr.*, No. 8:21-MC-157-CEH-AAS, 2021 WL 6118078, at *2 (M.D. Fla. Dec. 27, 2021).

---

[2] The Advisory Committee notes as a basis for exceptional circumstances supporting transfer: "the same issues are likely to arise in discovery in many districts." *See* Fed. R. Civ. P. 45(f) advisory committee's note (2013).

The underlying litigation involves access services and associated charges are billed under a complex system administered by the Federal Communications Commission and state public utility commissions. (*See* Doc. 1). The complexity of the underlying litigation favors finding exceptional circumstances to transfer these subpoena related motions. *See In re K.M.A. Sunbelt Trading Co.*, No.: 8:17-mc-55-30AAS, 2017 WL 2559790, at *1 (M.D. Fla. 2017) (finding exceptional circumstances existed to transfer subpoena-related motion where the issuing court had "intimate knowledge of the underlying litigation, parties, facts, and prior rulings").

The court recognizes litigating this matter in another district will impose some burden on Voxon.[3] However, compliance with the subpoenas will likely involve electronic production and the burden of travel, if necessary, is slight. *See Jud. Watch, Inc.*, 307 F.R.D. at 34 (holding that the burden on the subpoenaed party is minimal where electronic production is allowed).

The exceptional circumstances here—the risk of inconsistent discovery rulings, the complexity of the case, as well as the interests of judicial economy

---

[3] The Advisory Committee notes encourage the court to permit telephonic participation after transfer to minimize travel costs to non-parties. *See* Fed. R. Civ. P. 45(f) advisory committee's note (2013); *see also Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426, 430 (N.D. Cal., July 10, 2014).

and efficiency—outweigh the interest Voxon has in litigating AT&T's motion to compel locally.

AT&T's motion to transfer (Doc. 3) is **GRANTED**. The Clerk is directed to transfer the motion to compel (Doc. 1) to the United States Court for the Eastern District of Pennsylvania and close this district's miscellaneous case.

**ORDERED** in Tampa, Florida on December 7, 2022.

*[signature]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:

Voxon LLC
c/o Oldenn Sylvert
1755 Lake Side Ave.
Davenport, FL 33837

5